UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,
                    Plaintiff,                                    Criminal Action No. 09-cr-20427
                                                                  HON. BERNARD A. FRIEDMAN

vs.

JAMAR ANTHONY POOLE,
                    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59(e)

Before the Court is defendant's motion for reconsideration [docket entry 108] of this Court's May 20, 2013 order [docket entry 107] denying his motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence [docket entry 101]. Defendant interposes the instant motion pursuant to Fed. R. Civ. P. 59(e).

At the outset, the Court notes that although Rule 59(e) is entitled "Motion to Alter or Amend A Judgement," the rule "may be used as a vehicle for seeking reconsideration of any prior ruling of the court." United States v. Johnson, No. 03-80758, 2012 U.S. Dist. LEXIS 180650, at *1 (E.D. Mich. Dec. 21, 2012) (denying reconsideration of a prior order that denied post-sentence relief under section 2255).

"Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005); see also GenCorp. Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). However, like motions for reconsideration or rehearing brought pursuant to Eastern District of Michigan Local Rule 7.1, motions under Fed. R. Civ. P. 59(e) 'are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same

-1-

United States v. Poole (09-20427)

arguments previously presented.' <u>Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.</u>, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000)."

<u>Id.</u>  Unfortunately for defendant, most of his contentions fall into the category of "previously considered issues."  The Court will not rehash them here to only, yet again, dismiss them on the same grounds that it enumerated in its prior order.

Furthermore, the Court need not consider defendant's previously unraised argument that the law enforcement exception to Mich. Comp. Laws § 750.539g(a) is inapplicable when federal agents direct a confidential informant to record the contents of a conversation that is otherwise subject to a lawful criminal investigation.  <u>See</u> <u>Convertino v. U.S. Dep't of Justice</u>, No. 07-13842, 2010 U.S. Dist. LEXIS 10953, at *11 (E.D. Mich. Feb. 9, 2010) (stating that "a Rule 59(e) motion for reconsideration cannot be used 'to raise new legal arguments that could have been raised before' a ruling.").  In any event, defendant's contention is without merit because "such monitoring does [not] violate the Michigan eavesdropping statutes." <u>Foster v. Bergh</u>, No. 08-14269, 2010 U.S. Dist. LEXIS 125776, at *55 (E.D. Mich. Jul. 19, 2010) *adopted by* 2010 U.S. Dist. LEXIS 125770 (E.D. Mich. Nov. 30, 2010); <u>see</u> <u>People v. Morris</u>, No. 232520, 2003 Mich. App. LEXIS 1089, at *2-6 (Mich. Ct. App. May 6, 2003).

Accordingly,

IT IS ORDERED that defendant's motion for reconsideration is denied.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 13, 2013
         Detroit, Michigan

-2-